### In the Matter of Jaipal PATHEJA, Respondent.

### No. 64S00–0803–DI–141.

Supreme Court of Indiana.

Dec. 11, 2008.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on March 11, 2007, Respondent pled guilty to Fleeing Law Enforcement and to Operating a Vehicle While intoxicated ("OWI") in a Manner that Endangers a Person, both class A misdemeanors. Based on an incident on September 11, 2007, Respondent pled guilty to Public Intoxication, a class B misdemeanor. Based on an incident on September 27, 2007, Respondent pled guilty to Public Intoxication, a class B

misdemeanor. On July 19, 2008, while this disciplinary action was pending, Respondent was arrested and charged with OWI and Leaving the Scene of a Property Damage Accident.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties agree the appropriate sanction is a six-month suspension from the practice of law without automatic reinstatement. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least six months, beginning January 22, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to forward a copy of this Order to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thom-

son/West for publication in the bound volumes of this Court's decisions.

All Justices concur.